## Case No. 6,851.

### HUIDEKOPER v. DOUGLASS.

[1 Wash. C. C. 258; [1] 4 Dall. 392.]

Circuit Court, D. Pennsylvania. April Term, 1805.

LAND WARRANTS—CONSTRUCTION OF STATUTE.

1. What was prevention from making a settlement on lands within the "new purchase"?

2. What was the persistence required by the law of Pennsylvania, under which those lands were sold?

This cause resembled the two former cases of the same plaintiff, against Burrus and McClean [Cases Nos. 6,848, 6,852], and was tried at the last term. The judges differing in opinion, upon the construction of the 9th section of the law, the case was adjourned to the supreme court; who have certified their opinion, that a warrant holder who, from 10th April, 1793, to the 1st of January, 1796, was prevented by the enemies of the United States from making such settlement as the law required, but who during that period persisted in his endeavors to make such settlement and residence, is entitled to hold his land in fee simple, although, after the prevention ceased, he made no attempt to make such settlement. [3 Cranch (7 U. S.) 1.] The cause now came on, and was tried on the same evidence.

Mr. Ingersoll, E. Tilghman, Mr. Lewis, and Mr. Dallas, for plaintiff.

Mr. M'Kean, W. Tilghman and M. Levy, for defendant.

WASHINGTON, Circuit Justice (charging jury). The plaintiff appears before you with a regular paper title from the warrant to the patent. When this cause was tried before, the counsel for the defendant insisted, that the plaintiff's title was built upon a contract which he had not complied with, that he was to make a settlement, such as the enacting clause of the 9th section requires, unless prevented from doing so, by the enemies of the United States; in which latter case, he was not only to prove a persistance in endeavours to make the settlement, during the period of the war; but was to go on to make it, after the prevention ceased. This question was so difficult, as to divide, not only this court, but the courts of this state. The question was adjourned to the

supreme court, who have decided [3 Cranch (7 U. S.) 1], that a warrantee, who, from April, 1793, to the 1st of January, 1796, was prevented, by the enemies of the United States, from making such settlement as the law required, but who, during that period, persisted in his endeavours to make such settlement, is entitled to hold his land in fee simple, although, after the prevention ceased, he made no attempt to make such settlement. This we must consider as the law of the land, and govern our decision by it.

The questions then are, 1st. Was the Holland Company, from April 1793, to January 1796, prevented from making their settlement? and, 2d. Did they persist in endeavours, during that period, to make it?

What is the legal meaning of prevention, and persistence in endeavours? Were they prevented, and did they persist, within this meaning? The first are questions of law, which the court are to decide; the latter are questions of fact, proper for your determination. What were they prevented from doing, in order to excuse them? The answer is, from clearing, fencing, and cultivating, two acres of land in every hundred acres contained in their warrant, from building a house thereon, fit for the habitation of man, and from residing, or causing a family to reside thereon. To what extent were their endeavours to go? The answer is, to effect these objects. It was not every slight or temporary danger, which was to excuse them from making such settlement, but such as a prudent man ought to regard. The plaintiffs stipulated to settle as a society of husbandmen, not as a band of soldiers. They were not bound to effect every thing which might be expected from military men, whose profession is to meet, to combat, and to overcome danger. To such men it would be a poor excuse, to say, they were prevented by danger, from the performance of their duty. The husbandman flourishes in the less glorious, but not less honourable, walks of life. So far from the legislature expecting, that they were to brave the dangers of a savage enemy, in order to effect their settlements, they are excused from making them, if such dangers exist. But they must persist in their endeavours to make them, that is, they are to persist if the danger is over, which prevented them from making them. For it would be a monstrous absurdity to say, that the danger, which, by preventing them from making the settlements, would excuse them, would not, at the same time, excuse them from endeavours to make them, so long as it existed. It would be a mockery to say, that I should be excused from putting my finger into the blaze of this candle, provided I would persevere in my endeavours to do it, because, by making the endeavours, I could do it, although the consequences would be such as I was excused from incurring. If, then, the company were prevented from making their settlements, by dangers

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

from a public enemy, which no prudent man would or ought to encounter, and if they made those endeavours, which the same man would have made, to effect the object, they have fully complied with the proviso of the 9th section. How then are the facts? That a public war between the United States and the Indian tribes, subsisted from April, 1793, and previous to that period, until late in 1795, is not denied; and, though the great theatre of the war lay far to the north west of the land in dispute, yet it is clearly proved, that this country, during this period, was exposed to repeated irruptions of the enemy, killing and plundering such of the whites as they met with, in situations where they could not defend themselves. What was the degree of danger produced by those hostile incursions, can only be estimated by the conduct of those, who attempted to face it. We find them sometimes working out in the day time in the neighbourhood of the forts, and returning within their walls, at night, for protection; sometimes giving up the pursuit in despair, and retiring to the settled parts of the country; then returning to this country, and again abandoning it. We sometimes meet with a few men hardy enough to attempt the cultivation of their lands, associating implements of husbandry, with the instruments of war, the character of the husbandman, with that of a soldier; and yet I do not recollect any instance, where, with this enterprising, daring spirit, a single individual was enabled to make such a settlement as the law required. You have heard what exertions were made by the Holland Company, you will consider what was the state of that country during the period in question, you will apply the principles laid down by the court to the evidence in the cause, and then say, whether the title is with the plaintiff or not.

Verdict for the plaintiff.